IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| FOSTER WATKINS, | |
|---|---|
| Petitioner, | 4:19CV3000 |
| vs. | |
| BRAD JOHNSON, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on initial review of Petitioner Foster Watkins' ("Watkins") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing No. 1.) For the reasons discussed below, I will dismiss Watkins' petition without prejudice.

At the time he filed his petition on January 3, 2019, Watkins was a state pretrial detainee confined at the Lancaster County Jail in Lincoln, Nebraska, awaiting a preliminary hearing on a felony charge of forgery in the second degree in Lancaster County Court Case Number CR18-4022. According to Watkins' state court records, available to this court online, his case was bound over to the Lancaster County District Court on January 31, 2019, where it remains pending, and he was released on bond on or about February 7, 2019.[2] I take judicial notice of the state county and district court records related to this case in *State v. Watkins*, No. CR18-4022, County Court of Lancaster County, Nebraska, and No. CR19-129,

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] While it appears from his state court records that Watkins' is no longer confined in the Lancaster County Jail, he has not updated his address in this court. Accordingly, the court will direct the clerk of court to send a copy of this Memorandum and Order to the address contained within Watkins' state court records.

District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized (to the extent I can understand the claims), Watkins alleges the Lancaster County Court failed to file all of his state habeas corpus pleadings and Judge Acton, the county court judge who arraigned Watkins on November 20, 2018, is not a "fair judge" due to his alleged "fraudulent service" in another case, CR14-9536.[3] (Filing No. 1 at CM/ECF p. 2.)

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Watkins is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted

---

[3] I am familiar with this claim of Judge Acton's "fraud" in Lancaster County Court Case No. CR14-9536 as it has been raised in several cases in this court by another pro se prisoner litigant, Eric Robinson. (*See, e.g.*, Case Nos. 8:17CV204, 8:18CV73, 8:18CV111.) Watkins was not a party to Lancaster County Court Case No. CR14-9536 and, to the extent he attacks those proceedings, he lacks standing to do so.

his state court remedies. Specifically, I find that Watkins' assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Because it "plainly appears from the petition . . . that [Watkins] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Watkins must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Watkins is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

3. The clerk of court is directed to send a copy of this Memorandum and Order and the related Judgment to Petitioner at the address on file in this case and to the following address: 4271 Wirt Street, Omaha, Nebraska 68111.

Dated this 30th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge